# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8220 | **DATE** | 9/23/2004 |
| **CASE TITLE** | United States of America vs. Funds in the Amount of Forty Thousand Dollars | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Claimants' Motion to Dismiss [Doc. No. 12]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum opinion and order, Claimants' motion to dismiss [Doc. No. 12] is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 28 2004 date docketed | |
| X | Docketing to mail notices. | | | 17 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | slf(lc) courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 C 8220 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| FUNDS IN THE AMOUNT OF FORTY ) | |
| THOUSAND DOLLARS, ) | |
| ) | |
| Defendant. ) | |

DOCKETED
SEP 2 8 2004

## MEMORANDUM OPINION AND ORDER

The United States of America ("United States" or "Government") instituted a claim of forfeiture, pursuant to 21 U.S.C. § 881(a)(6), against the Defendant funds in the amount of forty thousand dollars (the "Funds"), based upon the United States' belief that those funds: (1) were monies furnished or intended to be furnished in exchange for a controlled substance; (2) were proceeds from the sale of a controlled substance; or (3) were monies used or intended to be used to facilitate an illegal narcotics transaction. James Simonds and Stephen Komie (collectively, "Claimants") have filed a motion to dismiss the United States' complaint of forfeiture, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Claimants' motion is DENIED.

### I. Factual Background

On May 20, 2003, United States Task Force Agent Darrell Johnson ("Agent Johnson") received itinerary information regarding the travel plans of Amtrak passenger James Simonds. (Compl. ¶ 4). Agent Johnson's investigation revealed that Simonds was traveling on a one-way

-1-

ticket purchased with a credit card, totaling $917.68, for travel from New York, New York via Chicago, Illinois and Lamy, New Mexico, with a final destination of Albuquerque, New Mexico. Id. Special Agent Thomas Evans, who was working with Agent Johnson, queried the name "Simonds, James" in the Narcotic and Dangerous Drug Information System ("NADDIS"), and received a positive response for a James Martin Simonds ("Simonds"), with a birth date of November 24, 1931. Id. At approximately 3:00 p.m. that same day, agents assigned to the Drug Enforcement Agency Transportation Task Force at Union Station arrived at Amtrak train number 3, car number 330, where they observed a male passenger standing in the doorway of train bedroom number 11. (Compl. ¶ 5). Agents identified themselves to the individual, who was subsequently identified as James Simonds. Id. Among other questions, Special Agent Evans asked Simonds if he could view his train ticket and see a piece of photo identification. Id. Simonds presented a California driver's license with the name James M. Simonds. Special Agent Evans noted that the birth date on the driver's license, November 24, 1931, was the same birth date on a NADDIS report for an individual named James Martin Simonds. Id. Among other information, the NADDIS report revealed that in 1986, seventy thousand dollars ($70,000) United States currency was seized from Simonds. Id. Subsequent to observing Simonds' identification and train ticket, Special Agent Evans inquired as to the purpose of Simonds' travel. Id. Simonds replied that he was returning home. Id. Special Agent Evans then inquired into Simonds' reasons for his travel to New York, and Simonds responded that he was traveling. Id. Special Agent Evans then asked Simonds if the bag in his room was his, and if it was, had Simonds packed the luggage himself. Id. Simonds responded that all of the bags were his, and he had packed the luggage himself. Id. Additionally, Special Agent Evans asked Simonds if he

was aware of the contents of the luggage, to which Simonds replied yes. Id. Additionally, Special Agent Evans asked Simonds if he was carrying any type of illegal drug or narcotic, including any large amounts of prescription drugs or steroids, to which Simonds replied no. Id. Similarly, Simonds denied that he was carrying any large amount of United States or foreign currency. Id.

Special Agent Evans believed that throughout the conversation, Simonds appeared unusually nervous. (Compl. ¶ 6). Special Agent Evans informed Simonds that Special Agent Evans was going to remove the luggage from the train, and have a canine unit perform a sniff test on the luggage. Id. Subsequently, as the conversation progressed, Simonds gave the agents permission to look into the gym bag. Id. Special Agent Evans opened Simond's Adidas brand, black gym bag, and observed a plastic bag containing a leafy green substance, believed to be marijuana. Id. Simonds denied that the marijuana belonged to him. Simonds was placed under arrest. Id. A more extensive search of the luggage, conducted by the Amtrak police department, revealed additional bundles of marijuana totaling approximately twelve pounds. (Compl. ¶ 7). Subsequent to the discovery of more marijuana, Agent Johnson called for a Chicago Police Department canine unit to assist in the investigation. Id. Chicago Police Department Officer Thomas O'Boyle responded with canine unit Britt, who alerted for the presumptive odor of narcotics on the United States currency in a black colored briefcase. Id. Among other items, the briefcase contained eight bundles of United States currency, wrapped in rubber bands, totaling forty thousand dollars. Id. It is based upon these facts that the Government believes the Funds are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## II. Legal Standard

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court, "must accept all well pleaded allegations as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." Gomez v. Illinois Board of Education, 811 F.2d 1030, 1039 (7th Cir. 1987). A party's claim should be dismissed only if it is clear that no set of facts in support of the claim would entitle the party to relief. Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)).

In addition, because this is a forfeiture action, the particularity requirements of Supplemental Rule E(2)(a), which governs in rem and quasi in rem actions, must be satisfied. United States v. Funds in the Amount of $29,266.00, 96 F.Supp.2d 806, 810 (N.D. Ill. 2000). Specifically, Rule E(2)(a) provides that, "the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Id. Consequently, "the government's formal obligation to plead specific information about the circumstances underlying the seizure [is separate] from its substantive obligation to allege facts sufficient to support its assertion that probable cause for the forfeiture exists." United States v. $29,266.00, 96 F.Supp.2d at 810 (quoting United States v. Funds in the Amount of $9,800, 952 F. Supp. 1254, 1259 (N.D. Ill. 1996)). Most courts have agreed that the particularity requirement of Rule E(2)(a) is satisfied by providing, "specific information about the date and location of the seizure, the amount of money seized, and the claimant's actions on the date of the seizure." Id. Consequently, "pleading the cause of action is satisfied as long as

-4-

the allegations set forth a reasonable basis for believing the property is subject to forfeiture."

United States v. $ 29, 266.00, 96 F.Supp.2d at 810 (internal citations omitted).

**III. Analysis**

The Claimants provide several reasons as to why they believe this forfeiture action should be dismissed. The Claimants believe that the Government failed to follow the statutory guidelines necessary to proceed with this matter, and as a consequence, the Court lacks jurisdiction over the Government's Complaint. Additionally, the Claimants argue that the Complaint fails to state a claim upon which relief can be granted, as the Government has failed to plead probable cause properly. The Court will address each of Claimants' arguments in turn.

*A. Has the Government Met the Statutory Requirements for Instituting a Civil Forfeiture Action?*

The Claimants allege that the Government failed to follow the rules governing civil forfeiture proceedings. Specifically, Claimants allege that the Government failed to follow 18 U.S.C. § 983 (a)(3)(B)(ii) (" § 983 (a)(3)(B)(ii)"), which in relevant part, states:

> If the Government does not....(ii) before the time of filing has expired—(I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and (II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute, the Government shall promptly release the property.

Claimants argue that because the Government failed to secure a criminal indictment containing an allegation of forfeiture, the Government is obligated to release the Funds. However, Claimaints' interpretation of the forfeiture provisions only results from reading

§ 983 (a)(3)(B)(ii) in isolation. The entire section enumerating the procedural guidelines for forfeiture must be read in order to ascertain the appropriate procedural guidelines. In their *entirety,* § 9839(a)(3)(A) and (B) state:

> (A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.
> (B) If the Government does not—
> (i) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or
> (ii) before the time of filing a complaint has expired–
> (I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and
> (II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute, the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

The Government is correct that upon examination of the plain language of the statute, in order to proceed with its forfeiture cause of action, the Government must have: (1) filed a complaint for forfeiture; (2) returned the property; or (3) indicted and maintained the property before the time to file a complaint expired. The Government took action in accordance with § 983(a)(3)(B)(i) of the statute, and filed its complaint for forfeiture within 90 days of receiving a claim to the property. Accordingly, pursuant to an accurate and complete reading of the civil forfeiture provisions, the Government followed all necessary procedural guidelines to seize the Funds, and as a consequence, this Court has jurisdiction over this forfeiture complaint.

### B. Has the Government Properly Plead Probable Cause?

Additionally, Claimants argue that the Government has not met its initial burden of sufficiently pleading that the United States had probable cause to believe that the Funds seized were used to commit or facilitate a violation of the federal narcotics laws. Claimants contend that the Government has made generalizations and innuendos, and that the Complaint fails to allege with well-pleaded facts that Mr. Simonds was involved in activity to demonstrate that the money seized was used in a narcotics transaction. The Civil Asset Forfeiture Reform Act ("CAFRA"), pursuant to 18 U.S.C. § 983(c)(1) ("§ 983(c)(1)"), establishes the Government's burden in civil forfeiture proceedings. § 983 (c)(1) provides that, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." Further, 18 U.S.C. § 983(a)(3)(D) states that, "No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." Consequently, "while the probable cause which the government must show at trial is a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion, for purposes of the complaint the allegations need only set forth a reasonable basis for believing that the property is subject to forfeiture." United States v. One 1997 E35 Ford Van, VIN 1FBJS31L3VHB70844, 50 F.Supp.2d 789, 796 (N.D. Ill. 1999) (citing United States v. $9,800, 952 F.Supp at 1260). Additionally, as previously stated, the Government must meet the heightened pleading requirements of Supplemental Rule E(2)(a) and provide, "specific information about the date and location of the seizure, the amount of money seized, and the claimant's actions on the date of the seizure." United States v. $29, 266.00, (citing United States v. $9,800, 952 F. Supp. at 1259).

Clearly, the allegations enumerated by the Government in its Complaint meet the heightened pleading requirements of Rule E(2)(a). The Government drafted its Complaint with the requisite specificity to enable the Claimants to launch an investigation. At this stage of the Parties' proceedings, it is inappropriate to entertain Claimants' arguments as to why the Government did not have probable cause, as those arguments are more suited for a motion for summary judgment or trial. Consequently, Claimants' arguments that the Government's Complaint should be dismissed for failure to properly plead probable cause are unavailing.

## IV. Conclusion

For the foregoing reasons, Claimants' motion to dismiss is DENIED.

Enter

David H. Coar
United States District Judge

Dated: **September 23, 2004**